**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-4619**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

TERENCE DEVON GARMON,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Robert J. Conrad, Jr., District Judge. (3:08-cr-00256-RJC-1)

Submitted: October 5, 2021            Decided: October 18, 2021

Before NIEMEYER and FLOYD, Circuit Judges, and KEENAN, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

William R. Terpening, TERPENING LAW, PLLC, Charlotte, North Carolina, for Appellant. William T. Stetzer, Acting United States Attorney, Anthony J. Enright, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Terence Devon Garmon appeals the district court's judgment revoking his supervised release and imposing a sentence of one year and one day and two years of supervised release. On appeal, he argues that his sentence is procedurally unreasonable because the court did not adequately consider his nonfrivolous arguments for a lower sentence. Finding no error, we affirm.

"A district court has broad discretion when imposing a sentence upon revocation of supervised release." *United States v. Patterson*, 957 F.3d 426, 436 (4th Cir. 2020). We "will affirm a revocation sentence if it is within the statutory maximum and is not plainly unreasonable." *Id.* "To consider whether a revocation sentence is plainly unreasonable, [we] first determine whether the sentence is procedurally or substantively unreasonable," *id.*, evaluating "the same procedural and substantive considerations that guide our review of original sentences" but taking "a more deferential appellate posture than we do when reviewing original sentences," *United States v. Padgett*, 788 F.3d 370, 373 (4th Cir. 2015) (alteration and internal quotation marks omitted).

"A revocation sentence is procedurally reasonable if the district court adequately explains the chosen sentence after considering the Sentencing Guidelines' nonbinding Chapter Seven policy statements and the applicable 18 U.S.C. § 3553(a) factors." *United States v. Coston*, 964 F.3d 289, 297 (4th Cir. 2020) (internal quotation marks omitted), *cert. denied*, 141 S. Ct. 1252 (2021); *see* 18 U.S.C. § 3583(e) (listing sentencing factors applicable to revocation proceedings). "A revocation sentence is substantively reasonable if, in light of the totality of the circumstances, the court states an appropriate basis for

2

concluding that the defendant should receive the sentence imposed." *Coston*, 964 F.3d at 297 (internal quotation marks omitted).

Garmon contends that the district court inadequately explained the sentence it imposed because it failed to address his nonfrivolous arguments in favor of a time-served sentence. A sentencing court must provide a sufficient explanation "to satisfy the appellate court that [it] has considered the parties' arguments and has a reasoned basis for exercising [its] own legal decision-making authority." *United States v. Blue*, 877 F.3d 513, 518 (4th Cir. 2017) (internal quotation marks omitted). In doing so, the court "must address the parties' nonfrivolous arguments in favor of a particular sentence, and if the court rejects those arguments, it must explain why in a detailed-enough manner that [we] can meaningfully consider the procedural reasonableness of the revocation sentence imposed." *United States v. Slappy*, 872 F.3d 202, 208 (4th Cir. 2017); *see United States v. Ross*, 912 F.3d 740, 744 (4th Cir. 2019). A district court's failure "to give specific attention to nonfrivolous arguments" generally produces "a procedurally unreasonable sentence." *United States v. Lewis*, 958 F.3d 240, 245 (4th Cir. 2020) (internal quotation marks omitted). "[A]lthough the court need not be as detailed or specific when imposing a revocation sentence as it must be when imposing a post-conviction sentence, it still must provide a statement of reasons for the sentence imposed." *Slappy*, 872 F.3d at 208 (ellipsis and internal quotation marks omitted). We have reviewed the record and conclude that the sentence is procedurally reasonable because the district court adequately addressed Garmon's nonfrivolous sentencing arguments and made clear the reasons for the term it imposed.

3

Therefore, we affirm the district court's judgment.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*